# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ELIZABETH SEPULVEDA, | Case No. 3:21-cv-00332-CLB |
| Plaintiff, | **ORDER DISMISSING CASE** |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

On August 2, 2021, Plaintiff Elizabeth Sepulveda ("Sepulveda") initiated this action, which involves judicial review of an administrative action by the Secretary of Health and Human Services, denying her claim for disability benefits under the Social Security Act. (ECF No. 1.) On December 22, 2021, this Court ordered Sepulveda to file an opening brief on or before January 21, 2022, (ECF No. 17), which she did not do. Thus, on July 27, 2022, the Court issued a Notice of Intent to Dismiss Pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41-1 for Want of Prosecution, notifying Sepulveda that she should file her opening brief by September 19, 2022, or her case would be dismissed. (ECF No. 18.) On September 13, 2022, Sepulveda filed a motion to extend time to file an opening brief, (ECF No. 21), which the Court granted. (ECF No. 22.) The Court cautioned Sepulveda that no further extensions of time would be granted and that the failure to file an opening brief on or before Monday, November 14, 2022, would result in this action being dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b) and LR 41-1. (*Id.*) To date, Sepulveda has failed to file an opening brief or otherwise prosecute this action.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A Court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v.*

*Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Additionally, Federal Rule of Civil Procedure 41(b) governs the involuntary dismissal of a plaintiff's claim for failure to prosecute. Involuntary dismissal is within the discretion of the Court. *Bishop v. Lewis*, 155 F.3d 1094, 1096 (9th Cir. 1998). The Court may dismiss for failure to prosecute *sua sponte* under certain circumstances. *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 689 (9th Cir. 2005). *See, e.g., Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("[T]he Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed. 734 (1962))); *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 953 (7th Cir. 2000).

LR 41-1 provides that all civil actions pending in this Court for more than 270 days without any proceeding of record having been taken may, after notice, be dismissed for want of prosecution by the Court *sua sponte* or by motion.

Here, Sepulveda was given notice that if she failed to file an opening brief or otherwise prosecute the action on or before November 14, 2022, her case would be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b) and LR 41-1. (ECF No. 22.) Thus, Sepulveda has failed to comply with the Court's orders and has failed to prosecute her case. Under these circumstances dismissal of this case pursuant to Fed. R. Civ. P. 41(b) and LR 41-1 is appropriate.

Additionally, the Court finds that dismissal is appropriate based upon the factors outlined in *Ghazali v. Moran*, *supra*. Specifically, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the Court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Notice of Intent to Dismiss filed on July 27, 2022 and subsequent order granting an extension on September 14, 2022, expressly stated that Sepulveda's failure to file an opening brief or otherwise prosecute this action would result in dismissal of the action. (ECF Nos. 18, 22.) Thus, Sepulveda had adequate warning that dismissal would result from her noncompliance with the Court's order and for want of prosecution.

For all these reasons, **IT IS ORDERED** that Sepulveda's case is **DISMISSED** without prejudice. The Clerk shall **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DATED**: **November 15, 2022**

_____
**UNITED STATES MAGISTRATE JUDGE**

3